IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., <u>et al.</u>,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| PCT,[2] | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Adversary Proceeding No. 05 - 77950 |
| Crestline Investments, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

For its Complaint against DEFENDANT Crestline Investments, LLC ("<u>Defendant</u>"), PLAINTIFF PCT (as defined below and in the Plan), alleges as follows:

## PARTIES AND FACTUAL BACKGROUND

1. On April 1, 2003, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. On July 27, 2004, this Court confirmed the Plan, which became effective on August

---

[1] The former Debtors whose cases are still open are: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2] PCT is a trust created pursuant to the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "<u>Plan</u>"), and the Post-Confirmation Trust Agreement dated August 19, 2004. PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan, including the prosecution of the claims stated in this Complaint.

23, 2004. Pursuant to the Plan, Plaintiff PCT was vested with, among other things, (a) all right, title and interest of the Debtors in and to the property sought to be recovered in this Complaint, and (b) all rights of the Debtors and their estates to, among other things, prosecute and settle all claims and causes of action of the Debtors, including, but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code, actions to collect accounts receivable, and the other causes of action asserted in this Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409(a).

6. The statutory bases for the relief requested in this Complaint are 11 U.S.C. §§ 502(d), 544, 547, 548, and 550 and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

7. On or within 90 days before the petition date, which is the period from January 1, 2003 to April 1, 2003, one or more of the Debtors made one or more transfers of an interest in Debtors' property totaling not less than the amounts set forth on Exhibit A, consisting of the payment for, or return of product on account to, or for the benefit of Defendant, on the dates and in the amounts set forth on Exhibit A (the transfers identified on Exhibit A, together with all other transfers to or for the benefit of Defendant by the Debtors are referred to as the "Transfers"). In Exhibit A, PCT has listed not only these Transfers, but also all eligible "new value" for which Defendant is entitled to credit under 11 U.S.C. § 547(c)(4).

8. PCT has made one or more demands for payment from Defendant and has given

Defendant a summary of PCT's preference analysis.

## COUNT 1

**(Avoidance of Preferential Transfers - 11 U.S.C. § 547)**

9. PCT repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

10. All of the Transfers were transfers of property, or an interest in property, of one or more of the Debtors.

11. The Transfers were made or perfected by one or more of the Debtors to or for the benefit of the Defendant.

12. The Transfers were made on or within ninety (90) days before April 1, 2003.

13. The Transfers were made for or on account of an antecedent debt owed by one or more of the Debtors to the Defendant before the Transfers were made.

14. The Transfers were made while the Debtors were insolvent.

15. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made and (c) the Defendant had received payment of its debt to the extent provided by the provisions of title 11 of the United States Bankruptcy Code.

16. Each of the Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

17. Accordingly, PCT is entitled to an order and judgment against the Defendant avoiding the Transfers under 11 U.S.C. § 547.

## COUNT 2

**(To Avoid Fraudulent Transfers - 11 U.S.C. §§ 544(b) and 548)**

18. PCT repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

19. Alternatively, the Debtors whose property or whose interest in property was transferred in the Transfers received less than a reasonably equivalent value in exchange for such Transfers.

20. The Transfers were made (a) at a time when Debtors were engaged or were about to engage in a business and transactions for which the remaining assets of Debtors were unreasonably small in relation to the business and transactions, (b) at a time when Debtors intended to incur, or believed or should reasonably have believed that they would incur, debts beyond their ability to pay as they became due, (c) at a time when Debtors were insolvent or (d) with the result that Debtors became insolvent as a result of such transfer.

21. Accordingly, each of the Transfers should be avoided and set aside as fraudulent under 11 U.S.C. §§ 544(b), state law and 11 U.S.C. § 548.

## COUNT 3

**(For Recovery of Property - 11 U.S.C. § 550)**

22. PCT repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

23. PCT is entitled to avoid the Transfers described above pursuant to 11 U.S.C. §§ 544, 547, and/or 548.

24. The Defendant was the initial transferee of the Transfers, the intermediate or mediate transferee of the initial transferee of the Transfers, or the person for whose benefit the Transfers

were made.

25. Pursuant to 11 U.S.C. § 550(a), PCT is entitled to recover from Defendant an amount to be determined at trial that is not less than the sum of the Transfers, plus interest to the date of payment and the costs of this action.

## COUNT 4

### (Disallowance of Claim - 11 U.S.C. § 502(d))

26. PCT repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

27. Defendant is the transferee of Transfers by one or more of the Debtors avoidable under 11 U.S.C. §§ 544, 547, and/or 548, which are recoverable from Defendant under 11 U.S.C. § 550.  Pursuant to 11 U.S.C. § 502(d), in the event that Defendant is liable for any avoidable Transfers under 11 U.S.C. §§ 544, 547, and/or 548, any claims held by the Defendant against the Debtors must be disallowed unless Defendant pays the amount of the Transfers and recoverable property to PCT.

## RESERVATION OF RIGHTS

28. PCT reserves the right to bring all other claims or causes of action that PCT might have against Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, PCT has not completed review and analysis of proofs of claims filed in Debtors' bankruptcy cases.  Therefore, nothing contained in this Complaint shall be construed as a waiver of PCT's right to object to any proof of claim filed by the Defendant.  Accordingly, PCT reserves the right to object, on any and all grounds, to any proof of claim asserted by the Defendant.  For such objections to claims, a separate notice will be given and a separate hearing will be scheduled.

**WHEREFORE**, PCT requests entry of a judgment in its favor against Defendant as follows:

(a) For avoidance and recovery of the Transfers, or the value thereof;

(b) For disallowance of Defendant's Claims pursuant to 11 U.S.C. § 502(d) unless the amount of the judgments for avoidance of Transfers are paid to PCT;

(c) For pre- and post-petition interest on the amounts owed by Defendant to the full extent allowed under applicable law at the highest legal rate;

(d) For all costs under applicable law; and

(e) For such other and further relief as is just and proper.

Dated:  3/25/2005

        Respectfully submitted,

        By: /s/     David Fournier

        PEPPER HAMILTON LLP
        David Fournier (DE 2812)
        Wilmer C. Bettinger (DE 359)
        Hercules Plaza, Suite 5100
        1313 Market Street
        Post Office Box 1709
        Wilmington, Delaware 19899-1709
        Telephone:  (302) 777-6500
        Facsimile:  (302) 421-8390

        and

        KIRKLAND & ELLIS LLP
        Eric Liebeler (CA Bar No. 149504)
        F. Wade Ackerman (CA Bar No. 234747)
        777 South Figueroa Street
        Los Angeles, California 90017
        Telephone:  (213) 680-8400
        Facsimile:  (213) 680-8500

        Co-Counsel for Plaintiff PCT

**Crestline Investments, LLC**      **Exhibit A**

**Adv. No. 05 - 77950**

| Check Clear Date | Check # | Check Amount | Invoice # | Inv. Date | Days To Clear | Payments | New Value | Deductions | Net Preference |
|---|---|---|---|---|---|---|---|---|---|
| 01/06/2003 | 5505294688 | $31,240.90 | 0087500070 | 12/17/2002 | 20 | $31,240.90 | $0.00 | $0.00 | $31,240.90 |
| | | | 0087500070 | 01/20/2003 | 17 | $0.00 | ($31,240.90) | $0.00 | $0.00 |
| 02/06/2003 | 5505304267 | $31,240.90 | 0087500070 | 01/20/2003 | 17 | $31,240.90 | $0.00 | $0.00 | $31,240.90 |
| | | | 0087500070 | 02/17/2003 | 7 | $0.00 | ($102,209.42) | $0.00 | $0.00 |
| | | | 0087500070 | 02/18/2003 | 15 | $0.00 | ($31,240.90) | $0.00 | $0.00 |
| 02/24/2003 | 5505312609 | $102,209.42 | 0087500070 | 02/17/2003 | 7 | $102,209.42 | $0.00 | $0.00 | $102,209.42 |
| 03/05/2003 | 5505313002 | $31,240.90 | 0087500070 | 02/18/2003 | 15 | $31,240.90 | $0.00 | $0.00 | $133,450.32 |
| | | | 0087500070 | 03/06/2003 | 8 | $0.00 | ($7,157.28) | $0.00 | $126,293.04 |
| 03/14/2003 | 5505318648 | $7,157.28 | 0087500070 | 03/06/2003 | 8 | $7,157.28 | $0.00 | $0.00 | $133,450.32 |
| | | | 0087500070 | 03/19/2003 | | $0.00 | ($31,240.90) | $0.00 | $102,209.42 |
| | | | | | **Total:** | $203,089.40 | ($203,089.40) | $0.00 | $102,209.42 |

AP # 05-77950